By the Court,

Nelson, C. J.
The first section of the act, *re- [ *471 ] gulating the practice of physic and surgery, 1 R. S. 448, provides that the president of every county medical society shall give notice to every physician and surgeon, not already admitted into such society, within the county, requiring him within sixty days to apply for and receive a cer *360 tificate of admission as a member. Section second declares a forfeiture of the license of the physician or surgeon not complying with such notice. The sixteenth section forbids the practice of physic or surgery by any person, unless a license or diploma for that purpose has been obtained from one of the incorporated medical societies in this state, or the degree of doctor of medicine from the regents of the university, &e. The nineteenth section requires the physician to deposite a copy of his license with the clerk of the county where he resides; and in default thereof, he is declared liable to all the penalties provided by law, in the same manner as if he had no license. The twenty-fourth section disables every person, not authorized by law to practise physic or surgery, from collecting any fee by suit; and the twenty-fifth section subjects him to a penalty of $25 for each offence.
There was sufficient proof of the granting of the certificate of admission to a membership of the county medical society of Columbia, which was, at least, prima fade evidence of authority to practise. The first section of the act requires all physicians and surgeons within the county to apply for such certificate ; and it is but reasonable to presume it would not have been granted unless the party was deemed properly qualified to practise. The second section confirms this view; for the physician forfeits his license, and subjects himself to all the disabilities of the statute, if he fails to procure such admission. I am also inclined to think the evidence which was given competent to prove the diploma from the college at Fairfield. The witness identified the corporate seal, and had himself received a diploma from that institution, subscribed by the same president and secretary. Though he did not actually see them subscribe the paper, he had every means of becoming acquainted with their signatures; the delivery of it to him was an acknowledgment they had signed it. Besides, he was familiar [*472] with diplomas from the institution *under their signatures, and may be said to stand somewhat in the position of one who has acquired a knowledge of the hand-writing of others, by means of written correspondence, or in the course of business transactions, 1 Phil. 486; Cowen & Hill’s Notes, 1324, n. 914.
Then, was the deposite of a copy of the license in the county clerk’s office an essential pre-requisite ? I think not. The nineteenth section makes the physician “ liable to all penalties provided by law,” in case of default. It is insisted that penalties here includes the disability to sue for fees under the twenty-fourth section, as well as the forfeiture of the $25 under the twenty-fifth section. The provision being penal, should be strictly construed and limited to its technical common law meaning. That is fully accorded by restraining it to the forfeiture in the latter section. This view is confirmed by a reference to the language of the seventeenth section, which requires the physician coming from abroad, in terms, to file a copy of *361 his diploma before he is entitled to practise. It is fair to presume similar language would have been used in respect to our own diplomas, had the legislature intended to apply a like rule. They, doubtless, regarded the pen* alty of $25 for each offence sufficient punishment for the neglect.
Motion to set aside report of referees denied.